**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., ) | Case No. 2:17-cv-00329-JCM-NJK |
| Plaintiff(s), ) | ORDER |
| v. ) | (Docket Nos. 9, 10) |
| SFR INVESTMENTS POOL 1, LLC, et al., ) | |
| Defendant(s). ) | |

Pending before the Court are Plaintiff's motions for an extension of time to serve Aaron M. Nanez and Nicole Verheryen ("Defendants") and for leave to serve them by publication. Docket Nos. 9, 10. The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to extend is **GRANTED in part** and the motion to serve by publication is **DENIED** without prejudice.

**I.      Motion to Extend Time for Service**

Plaintiff seeks a 90-day extension to effectuate service. Docket No. 10. Where good cause is shown, the time for serving the complaint is extended for an appropriate period. *See* Fed. R. Civ. P. 4(m). While the motion establishes sufficient cause to extend the time for effectuating service, the Court finds insufficient cause to double the service period as requested. Instead, the Court will extend the service by period by 60 days.

**II.  Motion for Leave to Serve by Publication**

Plaintiff also seeks leave to serve Defendants by publication.  Service by publication implicates a defendant's fundamental due process rights.  *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950); *Price v. Dunn*, 787 P.2d 785, 787 (Nev. 1990).  As a result, service by publication is generally disfavored.  *See, e.g.*, *Trustees of the Nev. Resort Assoc.–Int'l Alliance of Theatrical Stage Employees & Moving Picture Machine Operators v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis. 106456, *2 (D. Nev. July 29, 2013).

The Federal Rules of Civil Procedure provide for service within the United States pursuant to the law of the state in which the district court is located, or in which service is made.  *See, e.g.*, Fed. R. Civ. P. 4(e)(1).  Pursuant to Rule 4 of the Nevada Rules of Civil Procedure, parties are generally required to personally serve summons and the complaint upon defendants.  Nevada law also permits a party to obtain leave for service by publication when the opposing party, *inter alia* "cannot, after due diligence be found within the state, or by concealment seeks to avoid the service of summons."  Nev. R. Civ. P. 4(e)(1). There are several factors courts consider to evaluate a party's due diligence, including the number of attempts made to serve the defendant at his residence and other methods of locating defendants, such as consulting public directories and family members.  *See Price*, 787 P.2d at 786-87; *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994).

In this case, Plaintiff attempted to serve Defendants at two addresses identified through "various databases of public information to which [its law firm] has access."  Docket No. 9-1 at ¶ 3.[1]  In essence, Plaintiff has attempted to locate Defendants' address only through "databases of public information."  The Court finds that to be insufficient diligence to justify service by publication.  Plaintiff has not explained why it believes additional attempts to locate Defendants, such as through conducting a skip trace, would prove unsuccessful.  Plaintiff also appears to have limited its search to Nevada addresses,

---

[1] Counsel's declaration attests to attempted service on Ms. Verheyen on Cockatiel Drive.  Docket No. 9-1 at ¶ 4(b).  The attached affidavits by the process server do not reflect any such attempted service, however, and instead only reflect attempted service on Pebble Beach Road.  *See* Docket No. 9-1 at 5-6.  For purposes of this motion, the Court assumes a service attempt was made at Cockatiel Drive.  In any renewed motion, however, counsel shall submit appropriate paperwork for each service attempt.

*see* Docket No. 9 at 7 ("there is no other known potential residence for the Defendants in the State of Nevada"), without any explanation as to why it is not required to attempt to locate Defendants outside the state. *Cf. Bank of N.Y. Mellon v. Seven Hills Master Cmty. Assoc.*, 2016 U.S. Dist. Lexis 144077, at *3 (D. Nev. Oct. 18, 2016) (denying without prejudice motion for service by publication since, *inter alia*, it failed to explain whether or how the movant attempted to serve the defendant in Lebanon).

## III. Conclusion

For the reasons discussed above, the Court **GRANTS in part** the motion to extend the deadline to effectuate service. The deadline to serve Defendants is extended by 60 days. The Court **DENIES** without prejudice the motion to serve Defendants by publication. If Plaintiff is unable to serve Defendants by the extended deadline, it may file a renewed motion for service by publication explaining the additional steps that have been taken to locate and serve Defendants.

IT IS SO ORDERED.

DATED: May 10, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge