UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., | Case No. 2:17-CV-329 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| SFR INVESTMENTS POOL 1, LLC, et al., | |
| Defendant(s). | |

Presently before the court is defendant Aliante Master Association's (the "HOA") motion to dismiss. (ECF No. 11). Defendant SFR Investments Pool 1, LLC ("SFR") (ECF No. 19) and plaintiff JPMorgan Chase Bank, N.A. ("JPMorgan") (ECF No. 21) filed responses, to which the HOA replied (ECF Nos. 23, 24).

Also before the court is SFR's motion to dismiss. (ECF No. 20). JPMorgan filed a response (ECF No. 25), to which SFR replied (ECF No. 28).

**I.     Facts**

This case involves a dispute over real property located at 2220 Cockatiel Drive, North Las Vegas, Nevada, 89084 (the "property"). Defendants Aaron M. Nanez and Nicole D. Verheyen obtained a loan in the amount of $192,868.00 to purchase the property, which was secured by a deed of trust recorded on January 28, 2009. (ECF No. 1).

JPMorgan alleges that it is the beneficiary to the deed of trust. (ECF No. 1). JPMorgan further alleges that the HOA, through its agents, has recorded several notices against the property: a notice of delinquent assessment lien; a notice of breach and election to sell, and a notice of sale. (ECF No. 1 at 3). JPMorgan alleges that the HOA did not provide JPMorgan with proper notice

**James C. Mahan**
**U.S. District Judge**

of these recordings and that the recordings did not specify the superpriority amount owed. (ECF No. 1 at 3).

On July 26, 2013, the HOA conducted a foreclosure sale, during which SFR purchased the property for $16,000.00. (ECF No. 1).

On February 2, 2017, JPMorgan filed the underlying complaint, alleging three causes of action: (1) declaratory judgment against SFR; (2) quiet title against SFR; and (3) unjust enrichment against SFR. (ECF No. 1).

On July 3, 2017, SFR filed a counterclaim against JPMorgan for quiet title and injunctive relief and a crossclaim against Nanez and Verheyen for the same. (ECF No. 34).

In the instant motion, the HOA moves to dismiss JPMorgan's claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 11). In response, SFR argues that the HOA is a necessary party and moves to dismiss pursuant to Rule 12(b)(7) if the HOA is dismissed. (ECF No. 20).

## II. Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.

*Id.* at 678–79.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief.  *Id.* at 679.  A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief."  *Id.* (internal quotation marks omitted).  When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

#### A. The HOA's Motion to Dismiss (ECF No. 11)

In its motion, the HOA argues that JPMorgan's complaint fails to assert any claims against the HOA.  (ECF No. 11).  The HOA thus maintains that it cannot remain a party to the instant action.  (ECF No. 11).  The court agrees.

JPMorgan's complaint alleges three claims, all of which are "against the [p]urchaser" (*i.e.*, SFR).  (*See* ECF No. 1).  As JPMorgan fails to allege any claims against the HOA, the court will grant the HOA's motion to dismiss (ECF No. 11) without prejudice.

#### B. SFR's Motion to Dismiss (ECF No. 20)

SFR argues that if the court dismisses the HOA from the action, then dismissal is proper under Rule 12(b)(7) because the HOA is a necessary party.  (ECF No. 20).

Under Federal Rule of Civil Procedure 19(a), a party must be joined as a "required" party in two circumstances: (1) when "the court cannot accord complete relief among existing parties" in that party's absence, or (2) when the absent party "claims an interest relating to the subject of the action" and resolving the action in the person's absence may, as a practical matter, "impair or impede the person's ability to protect the interest," or may "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1).

Here, the HOA is a necessary party to this action based on the current allegations and relief sought. If the foreclosure sale is invalidated or set aside, the HOA's superpriority lien might be reinstated as an encumbrance against the property. *See, e.g.*, *U.S. Bank, N.A. v. Ascente Homeowners Ass'n*, No. 2:15-cv-00302-JAD-VCF, 2015 WL 8780157, at *2 (D. Nev. Dec. 15, 2015). "The disposition of this action in the HOA's absence may impair or impede its ability to protect its interests." *U.S. Bank, N.A.*, 2015 WL 8780157, at *2. In particular, if JPMorgan "succeeds in invalidating the sale without the HOA being a party to this suit, separate litigation to further settle the priority of the parties' respective liens and rights may be necessary." *Id*. Thus, if the HOA is not a party, JPMorgan, as well as SFR, would not be able to secure the complete relief sought. *See id*.; *see also* Fed. R. Civ. P. 19(a).

Based on the aforementioned, HOA's (ECF No. 11) and SFR's (ECF No. 20) motions to dismiss will be granted without prejudice.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the HOA's motion to dismiss (ECF No. 11) be, and the same hereby is, GRANTED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that SFR's motion to dismiss (ECF No. 20) be, and the same hereby is, GRANTED WITHOUT PREJUDICE.

. . .

. . .

. . .

IT IS FURTHER ORDERED that JPMorgan's complaint (ECF No. 1) be, and the same hereby is, DISMISSED WITHOUT PREJUDICE.

DATED July 7, 2017.

_____
UNITED STATES DISTRICT JUDGE